UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

DARRYL T.,

  Plaintiff,

v.

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
performing the duties and functions
not reserved to the Commissioner of
Social Security,

  Defendant.

Case No. 2:17-cv-2175

REPORT & RECOMMENDATION

  Plaintiff Darryl T. seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of his application of supplemental security income and disability benefits insurance. The parties filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment (**#9**) be **DENIED**, Defendant's Motion for Summary Judgment (**#13**) be **GRANTED**, and that the decision to deny benefits be affirmed.

I. Background

  On August 12, 2013, Plaintiff filed an application for supplemental security income, alleging disability beginning July 19, 2013. The Social Security Administration denied Plaintiff's claim initially, and on reconsideration. Plaintiff, represented by counsel, appeared and testified at a videoconference hearing before an Administrative Law Judge (ALJ), during which the ALJ also heard testimony from an impartial vocational expert.

  On March 9, 2016, the ALJ issued an unfavorable decision (R. 17-28.) The ALJ found that the Plaintiff has the severe impairments of post-traumatic stress disorder (PTSD), major depressive disorder, generalized anxiety disorder, substance abuse

disorder, and osteoarthritis (20 C.F.R 416.920(c)). (R. 19.) The ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1 (20 C.F.R 416.920(d), 416.925 and 416.926). Additionally, the ALJ found that Plaintiff has the residual functional capacity (RFC) to:

> perform light work as defined in 20 C.F.R 416.967(b). He is further limited to work that involves: simple instructions; routine, repetitive tasks; socially undemanding setting, which I define as no public interaction and only brief superficial interactions with supervisors and coworkers; and low stress work, which I define as only occasional changes in the workplace setting.

(R. 22.) The ALJ found that Plaintiff is unable to perform his past relevant work as a machine operator, but that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (R. 26.) The Appeals Council denied Plaintiff's Request for Review, making the ALJ's ruling the Commissioner's final decision.

## II.     Standard of Review

The court reviews a decision denying benefits to determine only whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's decision. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walker v. Berryhill*, 900 F.3d 479, 482 (7th Cir. 2018) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). When reviewing the administrative record, the Court does not "reweigh the evidence or substitute [its] judgment for that of the ALJ." *Chavez v. Berryhill*, 895 F.3d 962, 968 (7th Cir. 2018).

Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). Importantly, "the ALJ must 'build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence.'" *Id.* (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005).

III.   Analysis

    a.   Listing 12.04

Plaintiff first argues that the ALJ erred in finding that Plaintiff's mental impairments did not meet or equal the severity of an impairment in Listing 12.04. *See* 20 C.F.R. § 404, subpart P, app. 1, § 12.04. "Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

The required level of severity for Listing 12.04 is met by requirements of either both paragraphs A and B or paragraphs A and C. The ALJ found that the evidence failed to establish that Plaintiff met either the paragraph B or C criteria.

    1.   **Paragraph B Criteria**

To meet the paragraph B criteria, Plaintiff must have at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. *See* 20 CFR § 404, subpart P, app. 1, § 12.04.

Plaintiff argues that he has fulfilled the paragraph B criteria and, in support thereof, discusses his suicide attempts, depressed mood, sleeplessness, social isolation, and alleged lack of self-worth. Plaintiff, however, fails to specifically address how this evidence satisfies the B criteria. The ALJ considered the paragraph B criteria and concluded that Plaintiff has "mild restriction in the area of daily activities." (R. 20.) The ALJ noted that Plaintiff associates with his mother, takes care of his dog, prepares his own meals, and completes various household chores. (R. 20.) The ALJ also noted that Plaintiff's medical providers saw no "abnormalities" in Plaintiff's ability to perform activities of daily living "with regard to his mental impairments." (R. 20.).

The record does not indicate that Plaintiff has a marked restriction in performing daily activities. A "marked" restriction in daily activities is not defined "by a specific

3

number of different activities of daily living or different behaviors in which functioning is impaired, but by the nature and overall degree of interference with function." 20 C.F.R. pt. 404, subpt. P, App'x 1, Listing of Impairments § 12.00C. A claimant may be markedly limited in daily activities, if he has "serious difficulty performing them without direct supervision, or in a suitable manner, or on a consistent, useful, routine basis, or without undue interruptions or distractions. *James v. Berryhill*, 2018 WL 3438912, at * 2 (N.D. Ill. July 17, 2018) (citing 20 C.F.R. pt. 404, subpt. P, App'x 1, Listing of Impairments § 12.00C). There is no evidence showing that Plaintiff has "serious difficulty" performing daily activities. To the contrary, Plaintiff's medical records indicate that he "cares for his pet, prepares simple meals, performs household chores" and shops. (R. 98, 113.) Moreover, in his function report, Plaintiff himself attested that, in a day, he takes his medication, watches television, makes calls, reads, and checks on his elderly mother (R. 288.) Plaintiff feeds his dog and prepares his own meals, such as hot dogs, pizza, and ramen noodles (R. 288-89.) In addition, Plaintiff can make his bed and take out the trash (R. 289.) While Plaintiff has documented disabilities, the evidence supports the ALJ's finding that Plaintiff has only mild restrictions in the area of daily activities. While Plaintiff disagrees with the outcome, the ALJ's finding that Plaintiff had mild restriction in the area of daily activities was supported by substantial evidence. *See Elder v. Astrue*, 529 F. 3d 408, 413 (7th Cir. 2008) (internal citations omitted) ("[E]ven if 'reasonable minds could differ concerning whether [Plaintiff] is disabled,' we must nevertheless affirm the ALJ's decision denying her claims if the decision is adequately supported.").

Next, the ALJ determined that Plaintiff had moderate difficulties in social functioning. (R. 20.) "Marked impairment [in social functioning] may be shown by the claimant's inability to act 'independently, appropriately, and on a sustained basis' with others, evidenced by a history of altercations, firings, social isolation, or similar dysfunction, as opposed to 'cooperative' behavior with others and a sense of social maturity." *Caldwell v. Colvin*, 2014 WL 4328317 (S.D. Ind. Aug. 27, 2014) (citing Listing 12.00(C)(2)).

4

The medical record does not support a finding of a marked impairment in social functioning. There is no evidence of an inability to "act independently, appropriately, and on a sustained basis with others." The ALJ acknowledged that Plaintiff has reported "problems getting along with others" and a lack of friends. (R. 20.) The ALJ also stated that Plaintiff's treating providers described him sometimes as "tearful," "depressed," and anxious." (R. 489, 533-43.) Nonetheless, the ALJ also noted that Plaintiff cares for his elderly mother and spends time with his girlfriend every other day. (R. 20, 53, 288.) These relationships do not indicate social isolation. Plaintiff also stated that he often makes "important calls" during the day. (R. 288.) The ALJ further gave weight to Plaintiff's treating providers who did not indicate that Plaintiff had difficulties interacting with others. (R. 20.) Accordingly, the ALJ's finding that Plaintiff has moderate difficulties was supported by substantial evidence.

The ALJ next found that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace. The ALJ acknowledged that Plaintiff indicated that "he can pay attention for only two minutes" and had difficulty recalling information he had learned several minutes earlier during the psychological consultative examination. (R. 21.) The ALJ also considered evidence that Plaintiff could pay bills, count change, handle a savings account, use a checkbook, watch television, read, and build jigsaw puzzles. (R. 21.) Furthermore, the ALJ noted that, during the psychological consultative examination, Plaintiff was described as "alert," "logical," "well-oriented" and having "intact memory and concentration." (R. 358-59, 365, 528, 654, 690, 1044-45). This evidence supported the ALJ's determination that, at the hearing, Plaintiff exhibited "no evidence of apparent difficulties understanding and attending to the content of the hearing." (R. 21.) Accordingly, the ALJ's determination that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace was supported by substantial evidence.

In sum, the ALJ's finding that Plaintiff failed to meet the Paragraph B requirements was supported by substantial evidence, and the Court affirms the ALJ's decision on this point.

    **2.**    **Paragraph C Criteria**

Plaintiff next argues that the ALJ erred by determining that he did not meet the paragraph C criteria of Listing 12.04. First, the Court notes that Plaintiff failed to develop this argument in his Motion.

Even if he had developed the argument, to meet the paragraph C criteria, Plaintiff must have a medically documented history of a chronic affective disorder of at least two years' duration that has caused more than a minimal limitation of ability to do basic work activities with symptoms or signs. Plaintiff did not satisfy the paragraph C criteria as he "showed no marked or extreme limitations in [his] ability to function, [he] had no episodes of decompensation, and [he] could function independently outside a highly structured setting." *See Yost v. Astrue*, 2012 WL 2814373, at *9 (N.D. Ill. July 10, 2012).

The two state-agency psychologists who reviewed the record determined that Plaintiff did not meet the requirements of paragraphs B and C. (R. 99, 114.) The ALJ properly considered that "the record fail[ed] to document the existence of any of these three criteria." (R. 21.) Accordingly, the ALJ's decision as to paragraph C was supported by substantial evidence.

In sum, the ALJ supported her conclusion that Plaintiff did not meet Listing 12.04 with substantial evidence. That is sufficient, and the Court affirms her decision.

    **b.**    **RFC**

Plaintiff next argues that the ALJ's RFC was not supported by the evidence. "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008). "When determining the RFC, the ALJ must consider all medically determinable impairments, physical and mental, even those that are not considered 'severe.'" *Id.* "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." SSR 96-8p.

Plaintiff contends that the ALJ ignored evidence of Plaintiff's medical condition. Plaintiff points to the medical records indicating that he suffers from degenerative arthritis and degenerative osteoarthritis (R. 98, 113, 384, 594, 596, 767, 769.) Plaintiff states

that he used a walker at the hearing to prevent himself from falling and that, starting in May 2015, he experienced numerous falls. Plaintiff's medical records indicate that he used a walker at times (R. 1052.) The ALJ acknowledged Plaintiff's medical conditions, but also considered the other evidence from the record as directed by the regulations.

Specifically, Plaintiff complains of various physical impairments allegedly stemming from his osteoarthritis in addition to pain, especially in his left elbow, knees, and hip. As noted by the ALJ, however, Plaintiff's October 2013 medical records indicated that he had no problem with tandem walking, his gait was steady, his grip strength was strong, and his ability to perform fine and gross manipulation was normal (R. 432, 434.) Moreover, Plaintiff's August 2015 medical records indicated that he could walk without an assistive device. (R. 868.) In fact, the ALJ thoroughly detailed Plaintiff's medical treatment from 2013–2015, thus determining that Plaintiff had "responded to conservative treatment modalities." (R. 23.) Importantly, the ALJ accounted for Plaintiff's limitations that were supported by the record by limiting Plaintiff to light work with restrictions. Accordingly, this Court affirms the ALJ's decision.

## IV. Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment (**#9**) be **DENIED**, Defendant's Motion for Summary Judgment (**#13**) be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 26th day of February, 2019.

s/ ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE
